IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JORGE ELIZONDO, DEANNA BOURKE, NOEL ARTURO MACAL, Individually And As Next Friend for NOEL ELIJAH MACAL, A Child, GLENDA ANN MACAL, Individually And As Next Friend For JESSICA LAUREN GARZA, A Child, DOMINGO A. BARRERA, SANTA I. BARRERA, DAVE WRIGHT, JR., GWENDOLYN WRIGHT AND OTHER UNKNOWN PLAINTIFFS<br>　　Plaintiffs,<br><br>Vs.<br><br>ROYALTY METAL FINISHING, INC., and the CITY OF MISSOURI CITY, TEXAS,<br>　　Defendants. | C.A. No. 4:13-CV-01631 |

## CITY'S MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

**1.**    The City of Missouri City, Texas (the "City"), acting under authority of Rule 12(b)(6) and of the Federal Rules of Civil Procedure, files this Motion to Dismiss the claims asserted against it in the Plaintiffs' Complaint, for failure to state a claim upon which relief can be granted.

# I.
# Introduction

2.     The Plaintiffs in this civil action are various individual who reside in the vicinity of an industrial facility operated by Royal Metal Finishing, Inc. ("Royal Metals") one of the defendants.  The Plaintiffs allege that Royal Metals is operating its facility in such a fashion as to cause damage to their properties and personal injuries to themselves from noise and air pollution associated with Royal Metals operations.  *Plaintiffs' Original Petition* at ¶ 9.

3.     The Plaintiffs have named Royal Metals and the City as defendants in their civil action.  As to the City, their only allegations as to why the City might be liable to them for damages or other relief is that the City did not use its regulatory authority to prevent Royal Metals from operating its facility in the vicinity of the Plaintiffs' homes.  *Id*. at ll. 5-9.  The Plaintiffs allege that the City's actions in failing to prevent Royal Metals from operating its facility in a way that is harmful to the Plaintiffs constitutes a violation of their civil rights under the fourth and fourteenth amendments of the United States Constitution.

# II.
# The Plaintiffs have failed to state a claim against the City

4.     The Fourth Amendment prohibits the government from conducting unreasonable searches and seizures.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The Plaintiffs have not alleged that any agent of the City conducted a search of their persons or premises or seized any of their property. Accordingly, they have not stated a claim against the City for "unreasonable search of seizure" under the Fourth Amendment.

5. Similarly, the Plaintiffs have failed to state a claim under the Fourteenth Amendment. They have not alleged that any action by the City caused them harm. Instead, they seek to hold the City liable for harm allegedly caused by Royal Metals. As a matter of law, the City has no constitutional duty to protect the Plaintiffs from the actions of Royal Metals or of any other third party. The Due Process Clause acts only as a limitation on the government's power to act and does not impose any affirmative duty on the government to protect one citizen from the actions of another.

> But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195, 109 S.Ct. 998, 1003 (1989).

6. A plaintiff's suit may be dismissed under Rule 12(b)(6), "based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Alcala v. Texas Webb County,* 620 F.Supp.2d 795, 801 (S.D. Tex. 2009). The Plaintiffs' own pleadings make it clear that they lack a cognizable legal

theory in this case. Their alleged damages were suffered at the hands of Royal Metals, not the City. The City cannot be held liable to the Plaintiffs under the Fourth or Fourteenth Amendment for failing to prevent Royal Metals from harming them. The Plaintiffs have failed to state a viable cause of action against the City and the factual allegations in their pleadings make it clear that they cannot plead a viable claim, even if given the opportunity to amend. For those reasons their claims against the City should be dismissed, with prejudice, and without first providing an opportunity to amend.

### III.
### Conclusion and Request for Relief

**7.** The Plaintiffs' pleadings fail to state a claim upon which relief can be granted against the City. There is no cognizable theory under which they can recover relief against the City under the circumstances that exist. For these reasons, the City respectfully requests that the Court enter an order dismissing the Plaintiffs' claims against the City, with prejudice.

Respectfully submitted,

/s/ John J. Hightower

_____
John J. Hightower
State Bar No. 09614200
Southern District ID No. 5758
E-Mail: jhightower@olsonllp.com
**OLSON & OLSON, L.L.P.**
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019-2133
Telephone: (713) 533-3800
Facsimile:  (713) 533-3888

**Attorney-in-charge for
Defendant, City of Missouri City**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June 2013, a true and correct copy of **City's Motion or Dismiss for Failure to State a Claim** and of this certificate will be automatically served on known Filing Users through Notice of Electronic Filing and was sent by U. S. Mail and facsimile to the following parties of record:

Mr. Paul H. LaValle
2501 Palmer Hwy., Suite 112
P O Box 3073
Texas City, Texas 77592
*Attorney-in -charge for Plaintiffs*

Mr. Jeffrey R. Singer
Law Offices of Jeffrey R. Singer, P.C.
77 Sugar Creek Center Blvd., Suite 565
Sugar Land, Texas 77478
*Attorney-in -charge for Royal Metals, defendant*

/s/ John J. Hightower
John J. Hightower