IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ELIZONDO, DEANNA BOURKE,<br>NOEL ARTURO MACAL, Individually and<br>as Next Friend for NOEL ELIJAH MACAL,<br>a Child, GLENDA ANN MACAL,<br>Individually and as Next Friend for JESSICA<br>LAUREN GARZA, a Child, DOMINGO A.<br>BARRERA, SANTA I. BARRERA, DAVE<br>WRIGHT, JR., GWENDOLYN WRIGHT and<br>OTHER UNKNOWN PLAINTIFFS,<br><br>      Plaintiffs,<br><br>V.<br><br>ROYALTY METAL FURNISHING, INC. and<br>CITY OF MISSOURI CITY, TEXAS,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. H-13-1631 |

## MEMORANDUM AND ORDER

Pending is Defendant Royalty Metal Furnishing, Inc.'s Motion to Dismiss (Document No. 5) and Defendant City of Missouri City, Texas' Motion to Dismiss (Document No. 9). Having considered the motions, the absence of a response to either, and the applicable law, the Court ORDERS, for the reasons set forth below, that Missouri City, Texas' Motion to Dismiss is GRANTED, supplemental jurisdiction over Plaintiffs' state law claims against Defendant Royalty Metal Furnishing, Inc., is DECLINED, and those state law claims against Defendant Royalty Metal Furnishing, Inc. are REMANDED to the 240th District Court of Fort Bend County, Texas.

## I.    Background and Procedural History

Plaintiffs Jorge Elizondo, Deanna Bourke, Noel Arturo Macal, individually and as next friend

for Noel Elijah Macal, a child, Glenda Ann Macal, individually and as next friend for Jessica Lauren Garza, a child, Domingo A. Barrera, Santa I. Barrera, Dave Wright, Jr., Gwendolyn Wright, and other unknown plaintiffs (referred to hereafter collectively as "Plaintiffs") are residents of the Verraco Manor Subdivision in Stafford, Texas.  Many of their homes border Missouri City along their back fencelines.  On May 20, 2013, Plaintiffs filed suit against Royalty Metal Furnishing, Inc. ("Royalty") and the City of Missouri City, Texas ("Missouri City") in the 240th District Court of Fort Bend County, Texas.  Plaintiffs allege in their state court Petition that "[a]pproximately two years ago," the City "zoned or otherwise permitted their side of the fence as a commercial/industrial use area and allowed Defendant Royalty Metal Furnishing, Inc. to set up a heavy industrial operation directly on the fenceline of the Plaintiffs."  Petition (Document No. 1-6) at 3.  Plaintiffs further allege that Royalty engages in business pursuits that emphasize the use of acids and other dangerous chemicals, that it improperly stores thousands of gallons of these chemicals, and that it engages in work as many as 6 days per week and up to twelve hours per day, producing "constant earsplitting noises in the 70-80 decibel range and releasing noxious fumes."  *Id.*  Plaintiffs claim that they have "endured the release of toxic chemicals and noxious fumes and odors," their property values have diminished, they no longer have the quiet use and enjoyment of their homes, their pets and landscape are being killed, metal surfaces are rusting prematurely from the chemicals in the air, and Plaintiffs are suffering from a variety of respiratory and gastrointestinal ailments as well as emotional distress.  *Id.* at 3-7.  Plaintiffs allege causes of action against Royalty and Missouri City for diminished value of property, personal injuries, intentional infliction of emotional distress, and nuisance, and against Missouri City for violations of their Fourth and Fourteenth Amendment rights.  *Id.* at 4-5.  Plaintiffs seek a declaration that Royalty is a nuisance, a temporary injunction prohibiting Royalty's continued

operation of its facility, and damages.  *Id.* at 5-6.

Missouri City timely removed the case to this Court on the basis of federal question jurisdiction.  Royalty thereafter consented to the removal.  Both Royalty and Missouri City have filed Motions to Dismiss (Document Nos. 5 & 9), seeking dismissal of Plaintiffs' claims under FED. R. CIV. P. 12(b)(6) for failure to state a claim.  Plaintiffs have not, to this date, filed a response to either Motion to Dismiss.

## II.      Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

3

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**III.    Discussion – Claim(s) against Defendant Missouri City, Texas**

Defendant Missouri City argues in its Motion to Dismiss, and the contents of Plaintiffs' state court petition show, that Plaintiffs' only factual allegation as against Missouri City is that Missouri City zoned the property neighboring the Varraco Manor Subdivision as a commercial or industrial use area, and allowed Royalty to operate its industrial business there. Plaintiffs allege that this municipal action constitutes an intentional or reckless violation of their civil rights under the Fourth and Fourteenth Amendments.

The Fourth Amendment protects against unreasonable searches and seizures. Plaintiffs have not alleged that any agent of the City engaged in a search or seizure of their persons or property, *Freeman v. City of Dallas*, 242 F.3d 642, 648 n. 5 (5th Cir.) ("'Seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property"), *cert. denied*, 534 U.S. 817 (2001), and therefore Plaintiffs fail to state a claim under the Fourth Amendment.

With their Fourteenth Amendment claim, as well as their state law claims, Plaintiffs seek to

4

hold Defendant Missouri City liable for the harm allegedly caused by Royalty in the operation of its business. The Due Process Clause of the Fourteenth Amendment, however, does not require the government to affirmatively protect citizens from harm caused by private parties. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 109 S.Ct. 998, 1003 (1983). While a narrow exception exists when the government actor has a special relationship with the victim, the Fifth Circuit has limited such special relationship to situations involving state incarceration, involuntary institutionalization, and placement in foster care. *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 855-56 (5th Cir. 2012). Nothing in Plaintiffs' state court Petition suggests that such a special relationship exists between Plaintiffs and Missouri City. Similarly, nothing in Plaintiff's state court Petition suggests that Defendant Missouri City, through its zoning decision or otherwise, has "taken" Plaintiffs' property within the meaning of the Fifth or Fourteenth Amendments

Because Plaintiffs have not alleged any wrongdoing by Missouri City, they have failed to state a claim against Missouri City upon which relief may be granted. Defendant Missouri City is therefore entitled to dismissal of the claims against it. Given the allegations in the state court Petition that it is Royalty's conduct that caused Plaintiffs' damages, as well as Plaintiffs' failure to file a response to Missouri City's Motion to Dismiss, Plaintiffs will not be given leave to amend their claims against Missouri City.

## IV.   Discussion – Claims against Defendant Royalty Metal Furnishing, Inc.

Defendant Royalty seeks the dismissal of Plaintiffs' state law claims under Rule 12(b)(6) for failure to state a claim. While the Court has supplemental jurisdiction over Plaintiffs' state law

5

claims pursuant to 28 U.S.C. § 1367(a), the Court, in its discretion, declines to exercise supplemental jurisdiction over those remaining state law claims.

> Under § 1367(c)
>
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1)      the claim raises a novel or complex issue of State law;
> (2)      the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3)      the district court has dismissed all claims over which it has original jurisdiction; or
> (4)      in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Each of the relevant factors set forth in 28 U.S.C. § 1367(c) weighs in favor of remand of the remaining state law claims.  *See Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) (balancing four factors in § 1367(c) to determine whether district court abused its discretion in denying motion to remand).  First, the claims in this case involve municipal zoning laws, and state law tort claims.  While not necessarily complex or novel areas of state law, the state courts are in a better position to interpret and apply that law than this Court.   Second, it is evident from the parties' pleadings that the state law claims have always predominated over the federal claims.  Third, as discussed above in connection with the dismissal of the civil rights claims against Defendant Missouri City, the federal claims have all been dismissed.   Fourth, there are no exceptional circumstances that would justify retaining jurisdiction over the remaining state law clams.  In addition, the four common law interest factors of judicial economy, convenience, fairness and comity, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), weigh in favor of remand.  This case was just recently removed from state court, no discovery has been conducted, and a Rule 16 Scheduling Conference has not yet even been held.  Upon this record, where both the statutory and

common law factors weigh in favor of the general rule of declining supplemental jurisdiction over the remaining state law claims, *Oliver v. Lewis*, 891 F.Supp.2d 839, 843 (S.D. Tex. 2012) ("[t]he 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial.") (citing *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)), supplemental jurisdiction over the remaining state law claims is DECLINED and those claims will be remanded to the 240th District Court of Fort Bend County, Texas.

## V.     Conclusion and Order

Based on the foregoing and the conclusion that Plaintiffs have not, and cannot, state a claim against Defendant Missouri City, Texas attendant to its zoning decisions, it is

ORDERED that Defendant Missouri City, Texas' Motion to Dismiss (Document No. 9) is GRANTED and the claims alleged by Plaintiffs against Defendant Missouri City, Texas are DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.  It is further

ORDERED that the remaining state law claims alleged by Plaintiffs against Defendant Royalty Metal Furnishing, Inc. are REMANDED to the 240th District Court of Fort Bend County, Texas.

Signed at Houston, Texas, this _28th___ day of October, 2013.

Frances H. Stacy
United States Magistrate Judge